IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELA J BOUTWELL | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| REDBOW NLN, | ) | |
| | ) | CIVIL ACT. NO.  2:13cv170-MHT |
| Plaintiffs, | ) | (WO) |
| | ) | |
| v. | ) | |
| | ) | |
| J. CLARK WALKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending is the motion to proceed *in forma pauperis* filed by the Plaintiffs. (Doc. 2).  Upon consideration of the motion, it is

**ORDERED** that the motion to proceed *in forma pauperis* (Doc. 2) be and is hereby **GRANTED**.

On March 19, 2013, the *pro se* Plaintiffs, Pamela J. Boutwell and Redbow Nln, filed this action to enforce and/or clarify the terms of a consent order that was entered by  the United States Bankruptcy Court for the Middle District of Alabama.  Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

**Standard of Review**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*

*of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,'and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Therefore, a federal court is obligated to inquire into subject matter jurisdiction sua sponte "at the earliest possible stage in the proceedings." *Id*. at 410.

Moreover, when a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), which is not restricted to prisoner complaints.  *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("find[ing] no error in the district court's dismissal of the complaint" of a nonprisoner proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(ii)).[1]  Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines  that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is subject to dismissal as frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

---

[1]*Troville* was filed by a civilly committed detainee, and the Eleventh Circuit held that the plaintiff was not a "prisoner" within the meaning of 28 U.S.C. § 1915.  *Troville*, 303 F.3d at1258, 1260; *see also Brown v. Johnson*, 387 F.3d 1344, 1348 (2004) ("[T] he defendants correctly explain that *Troville* did not involve a prisoner.").

The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii).  *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). A complaint may be dismissed under Rule 12(b)(6) if the facts as pled do not state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *see also  Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In evaluating *pro se* claims, a court must construe the pleadings liberally and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998).

**Procedural History and the Plaintiffs' Complaint**

**A.      Bankruptcy Proceedings.**

On June 15, 2009, Pamela Boutwell and Redbow Nln ("the Plaintiffs") filed a Chapter

13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Alabama.  *See In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala., filed June 15, 2009).[2]  The Plaintiffs' bankruptcy plan included a monthly payment of $286.00 on a secured debt to Chrysler Financial Services Americas LLC ("Chrysler Financial").  (Doc. 33,  *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On January 15, 2010, the bankruptcy court entered an order confirming the Plaintiffs' bankruptcy plan.  (Doc. 34,  *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On September 17, 2012, in the bankruptcy case, the Plaintiffs, represented by attorney J. Clarke Walker, filed a motion to substitute collateral, in which the Plaintiffs alleged:

> 1. The debtors filed for relief under the Chapter 13 Bankruptcy Code on June 15, 2009.
>
> 2. Chrysler Financial has an allowed secured claim, secured by a 2006 Chrysler PT Cruiser, which is listed in the debtors' schedules as having a value of $6,015.00 and a claim amount of $13,361.97.
>
> 3. Due to recent flooding, the Chrysler PT Cruiser was destroyed and rendered a total loss by Geico, the debtors' insurance company.
>
> 4. Geico has agreed to pay $5,407.07 to the debtors for the value of the vehicle.
>
> 5. The debtors propose to use the insurance proceeds to purchase a replacement vehicle of equal or greater value. Said vehicle will provide necessary means of transportation for the debtors.

---

[2]The court has reviewed, and takes judicial notice of, the public record in *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala., filed June 15, 2009).  *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

6. The debtors' confirmed Plan provides for payment of Chrysler Financial's secured claim in full. The debtors assert that they will be able to make all Plan payments if they are allowed to purchase a replacement vehicle with the insurance proceeds.

(Doc. 38, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On September 28, 2012, TD Auto Finance, LLC ("TDAF") filed objections to the

Plaintiffs' motion to substitute collateral, stating:

TD Auto Finance LLC ("TDAF"), successor to Chrysler Financial Services Americas LLC, by counsel, states as follows for its Objection to the Motion to Substitute Collateral by Redbow Nln and Pamela Jo Boutwell (the "Debtor(s)").

1. On June 15, 2009, the debtor(s) filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §301 et seq., and an order for relief was entered thereon. Curtis C. Reding is the standing Chapter 13 Trustee herein (the "Trustee").

2. TDAF is a secured creditor of the debtor(s), Redbow Nln and Pamela Jo Boutwell, having a lien on a 2006 Chrysler PT Cruiser, VIN # 3A4FY48B26T313184 (the "Vehicle"), which secures repayment of amounts owed by the debtor(s) under a certain Retail Installment (the "Contract") dated December 22, 2006.

3. Debtor has filed a Motion to permit substitution of collateral on September 17, 2012 but failed to specify that TDAF would be able to inspect the vehicle prior to substitution and be able to approve the replacement vehicle selected.

4. The contractual balance owing to TDAF is $11,694.73 WHEREFORE, the above premises considered, TDAF prays:

1. The order regarding Debtor's Motion to Substitute Collateral require that TDAF be allowed to inspect the vehicle prior to substitute and be given a right of approval regarding the replacement vehicle.

2. For such other and further relief to which it may be entitled.

(Doc. 39, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On October 5, 2012, the Plaintiffs filed the following reply (signed by their then-

attorney J. Clarke Walker) to TDAF's objection:

> 1. On September 28, 2012, TDAF filed an objection to the Debtors' Motion to
> Substitute Collateral requesting that TDAF be allowed to inspect and approve
> the replacement vehicle prior to substitution.
>
> 2. The debtors have no objection to TDAF's request to inspect and approve the
> replacement vehicle prior to substitution of the same.
>
> WHEREFORE, the debtors request this Honorable Court enter an Order
> granting Debtor's Motion to Substitute Collateral allowing TDAF to inspect
> the replacement vehicle prior to the substitution of its collateral.

(Doc. 42, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On October 16, 2012, the bankruptcy court entered a consent order conditionally

granting the Plaintiffs' motion to substitute collateral, which stated, in full:

> This matter comes before this Court for consideration of the Motion to
> Substitute Collateral filed on behalf of the Debtors Redbow NLN and Pamela
> Boutwell, and the Objection filed by TD Auto Finance LLC, "TDAF", and
> after consideration of the Pleadings and the representations of the Parties;
>
> IT IS ORDERED that the Motion be and is hereby conditionally granted. The
> Debtors' 2006 Chrysler PT Cruiser, VIN 3A4FY48B26T313184 shall be
> substituted by a vehicle which has a fair market value that equals or exceeds
> the value of the former vehicle; TDAF shall be allowed to inspect the proposed
> vehicle to be substituted for the 2006 Chrysler PT Cruiser and may refuse to
> accept certain vehicles that fall below a reasonable value; The Debtors shall
> provide proof of full coverage insurance on the replacement vehicle, with
> deductibles for comprehensive and collision not to exceed $500.00 each; and
> the Debtors shall take all steps necessary and execute all documentation as
> required to ensure that TDAF has a valid perfected first priority lien in and to
> the substituted vehicle and TDAF is authorized to perfect its interest in
> accordance with non-bankruptcy law.

(Doc. 43, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

On March 26, 2012, Michael D. Brock, Esq., Plaintiff's counsel of record in the bankruptcy case, filed a motion to withdraw as counsel on grounds that the Plaintiffs had filed the case now pending before this court, in which they named as Defendants J. Clarke Walker, an associate at Brock's firm, and Jessica Bulger, a legal assistant at the same firm. (Doc. 43,  *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

Mr. Brock's motion to withdraw is currently pending in the bankruptcy court and is set for a telephone hearing on April 24, 2013 at 9:00 a.m.  (Doc. 48,  *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

B.      **The District Court Complaint**

On March 19, 2013, the Plaintiffs filed a complaint in this court against J. Clark Walker (the attorney who signed their motion to substitute collateral and their reply in support thereof in the bankruptcy case),[3] Jessica Bulger (a legal assistant at Walker's firm),[4] Robert Fehse (TDAF's attorney in the bankruptcy case),[5] and TDAF (collectively, "the Defendants").  (Doc. 1).  The Plaintiffs also filed a "brief in support" of their complaint. (Doc. 3).  Construing the complaint and brief in the light most favorable to the Plaintiffs, the Plaintiffs allege the following:

---

[3](Docs. 38 & 42, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

[4](*See* Doc. 43,  *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

[5](*See* Doc. 39, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.)).

– that the Plaintiffs' vehicle, a 2006 PT Cruiser, was totaled in a flood;

– that the Plaintiffs have attempted to obtain a replacement vehicle in accordance with the consent order entered in the bankruptcy case, which requires that they obtain a vehicle which has a fair market value that equals or exceeds the value of PT Cruiser, and provides that TDAF shall be allowed to inspect the proposed replacement vehicle and may refuse to accept vehicles that fall below a reasonable value (Doc. 43, *In re Redbow Nln*, Case No. 09-11165 (Bankr. M.D. Ala.));

– that the Plaintiffs have been unable to obtain a car to replace their totaled PT Cruiser because they are unable to comply with Defendants' collective demands that the Plaintiffs must spend at least the amount of the insurance proceeds for the totaled car ($5,407.07), or more, on the replacement vehicle, and finance a car if necessary to comply with this demand;

– TDAF and the other Defendants have not acted in accordance with the consent order because they have rejected, or caused TDAF to reject, numerous proposed replacement vehicles of a "reasonable value;" and

– by their conduct in handling Plaintiffs' various replacement vehicle proposals, the Defendants have caused the Plaintiffs and "several other members of [their] family" "undue hardship, mental stress, financial burden, undue pain and suffering, and loss of employment, and [loss of] enjoyment of life."

(Doc. 1; Doc. 3).

The Plaintiffs seek damages in the amount of $890,033.89. (Doc. 1 p. 3).

## Discussion

"[F]ederal courts are courts of limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been

entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365,

1367 (11th Cir.1994)).  "A necessary corollary to the concept that a federal court is powerless

to act without jurisdiction is the equally unremarkable principle that a court should inquire

into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings."  *Id*. at 410.

Construed in the light most favorable to the Plaintiffs, the substantive right which the

Plaintiffs seek to enforce is the "right" to require the Defendants to comply with the terms

of a consent order entered in the bankruptcy court.  They also seek to have the court impose

sanctions in the amount of $890,033.89 for the Defendants' alleged failure to comply with

the consent order.  The bankruptcy court, not this court, is the court with inherent, original

jurisdiction to enforce its consent order through sanctions or other means.  *See Alderwoods*

*Group, Inc., v. Garcia*, 682 F.3d 958, 969-71 (11th Cir. 2012) ("[A] bankruptcy court

necessarily has power to enforce its own orders regarding its administration of the estate . .

. [T]he court that enters an injunctive order retains jurisdiction to enforce its order. In this

respect, a bankruptcy court is no different than any other federal court, which possesses the

inherent power to sanction contempt of its orders. . . . Other courts are without jurisdiction

to do so."); *see also In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996) (holding that 11 U.S.C.

§ 105(a) "creates a statutory contempt power, distinct from the court's inherent contempt

powers in bankruptcy proceedings").

The court notes that the Plaintiffs do not challenge the consent order itself; instead, the Plaintiffs are merely alleging that the Defendants are in violation of the bankruptcy court's consent order, which they seek to enforce. (Doc. 1 (alleging that the parties "having reached an agreement for Substitute of Collateral, with the [bankruptcy] Court accepting the same, and entering a Court order on . . . 10/16/201[2], Defendants with total disregard to the same . . . have willfully . . . prolong[ed] bringing said agreement to a satisfactory conclusion in a timely manner" (sic)). Thus, the complaint cannot reasonably be construed as an attempt to pursue a permissive appeal from an interlocutory order of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(3). *See* Fed. R. Bankr. P. 8001(b) (providing procedures for obtaining permission for leave to appeal from an interlocutory order of a bankruptcy court pursuant to §158(a)).

The complaint alleges no cause of action founded on federal constitutional or statutory law, and diversity jurisdiction is lacking. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000. . . . Since *Strawbridge v. Curtiss*,3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation 'between ... citizens of different States' to require complete diversity between all plaintiffs and all defendants."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) ("Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction

10

over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'").

Accordingly, the complaint does not state a claim upon which this court can grant relief, and subject matter jurisdiction is lacking.  Therefore, the case is due to be dismissed. *See* 28 U.S.C. 1915(e)(2) (requiring a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines  that the complaint is frivolous . . . [or] fails to state a claim upon which relief may be granted"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("'[W]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

## Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. 28 U.S.C. 1915(e)(2); Fed. R. Civ. P. 12(h)(3).

Further, it is

**ORDERED** that on or before April 16, 2013, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of April, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE