IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| PAMELA J. BOUTWELL and ) | |
| REDBOW NLN, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 2:13cv170-MHT |
| ) | (WO) |
| J. CLARK WALKER, et al., ) | |
| ) | |
|    Defendants. ) | |

OPINION AND ORDER

Now pending before the court is the motion to amend the complaint filed by plaintiffs Pamela J. Boutwell and Redbow NLN.

The plaintiffs seek to amend their complaint to add state-law claims for breach of contract and negligence. They may also be attempting to state a claim under the Alabama Legal Services Liability Act, 1975 Ala. Code § 6-5-570 et seq.  See 1975 Ala. Code § 6-5-573 ("There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and

shall have the meaning as defined herein."). Because the plaintiffs' proposed amended claims do not arise under federal law, the claims do not fall within this court's federal-question jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001) ("Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'").

As a jurisdictional basis for the amended claims, the plaintiffs cite the amount in controversy and the fact that "this case has Defendants in more than one State." Mot. to Amend (Doc. 18-1 p. 1). Under 28 U.S.C. § 1332, this court has original jurisdiction over civil actions where the matter in controversy is between citizens of different States and exceeds the sum or value of $ 75,000. However, § 1332 "requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same

2

State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005); see Strawbridge v. Curtiss, 3 Cranch 267, 2 L. Ed. 435 (1806) (establishing the rule of complete diversity).  In this case, complete diversity is lacking because the plaintiffs and at least one of the defendants are Alabama citizens.  Mot. to Amend (Doc. 18 p. 2).

Because the court has no subject-matter jurisdiction over the proposed amended complaint, the motion to amend should be denied as futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

\*\*\*

**Accordingly, it is ORDERED that the plaintiffs' motion to amend (Doc. 18) is denied.**

**DONE, this the 22nd day of April, 2013.**

　　　　　　　　　　　　　　　／s/ Myron H. Thompson　
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**